UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTINA HEATH                          CIVIL ACTION

VERSUS                                   NO: 23-3214

SOUTHERN HOSPITALITY                     SECTION: "J"(5)
GROUP, LLC ET AL.

## ORDER AND REASONS

Before the Court are a *Motion for Reconsideration* **(Rec. Doc. 42)** filed by Defendant Holiday Inn Covington, LLC ("Holiday Inn"), and an opposition (Rec. Doc. 43) filed by Plaintiff Christina Heath, to which Defendant replies (Rec. Doc. 47). Having considered the motion, the legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This matter stems from a premises liability dispute arising from a June 2021 fall Plaintiff suffered at a Holiday Inn hotel in Covington, Louisiana. Filed in the Circuit Court of Houston County, Alabama, this matter was removed to the United States District Court for the Middle District of Alabama and, upon *sua sponte* consideration, transferred by that court to the Eastern District of Louisiana.

As detailed in a previous Order and Reasons, Plaintiff's attempts at service upon various Defendants were rife with procedural issues. (Rec. Doc. 41). Ultimately, this Court concluded the action could be maintained against Defendant Holiday Inn alone, dismissing claims against Defendants Suresh Patel, Yogesh Patel, Mike Sorona, Minesh Patel, BV Patel, Southern Hospitality Group, LLC, and MY

1

Hospitality Services, LLC. Holiday Inn's continued inclusion is the issue currently before the Court.

In the original state-court Complaint, filed within one year of the incident, Plaintiff named Holiday Inn as a d/b/a of Southern Hospitality Group, LLC. (Rec. Doc. 1-2 at 2) Over eight months later, in March 2023, Plaintiff included Holiday Inn as a Defendant in its own right in Plaintiff's First Amended Complaint. (Rec. Doc. 1-6 at 198). In a Motion to Dismiss, Holiday Inn conceded it was properly served with the First Amended Complaint, but argued, as the service was beyond the statute of limitations, Holiday Inn should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5). (Rec. Doc. 24-1 at 14–15). This Court rejected the argument. Analyzing Alabama Rule of Civil Procedure 15(c)(3), the Court found the complaint amendment related back to the original filing, making Holiday Inn's service timely. (Rec. Doc. 41 at 10–11).

Holiday Inn now requests reconsideration of that finding, renewing its contention that it should be dismissed on Rule 12(b)(5) grounds. Plaintiff opposes.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e). *Southern Snow Manufacturing Co, Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478–79; *SnoWizard*, 921 F. Supp. 2d at 565. Also, such motions should not be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. *SnoWizard*, 921 F. Supp. 2d at 565; *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

## DISCUSSION

Holiday Inn contends Plaintiff fails to meet the conjunctive test presented in Alabama Rule of Civil Procedure 15(c)(3) for a relation-back amendment.

Notwithstanding the original Complaint's naming Holiday Inn Covington, LLC as a d/b/a of Southern Hospitality Group, LLC, Holiday Inn insists the two are "completely unrelated entit[ies]," a fact Plaintiff should have discovered with reasonable diligence. (Rec. Doc. 42-1 at 4). Thus, Holiday Inn considers the amendment as unduly delayed, collecting Alabama cases for denial of relation-back amendments on that ground.

As this case was removed from Alabama state court, "the district court must look to state law to ascertain whether service was properly made prior to removal[.]" *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972); *see also Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 947 n.4 (5th Cir. 2014) (citation and emphasis omitted) ("After removal of an action to federal court, state procedural rules will continue to govern with respect to any issues that arose prior to removal. Thus, state law controls such procedural issues as questions concerning the time at which an action is considered commenced, the appearance of parties in the action, relation back to initial filing, and the form, sufficiency, filing, and service of pleadings."). For this limited purpose, this Court applies Alabama service law.

As laid out in the Court's Order and Reasons, amendments may relate back to an original complaint if three criteria are met. *See* Ala. R. Civ. P. 15(c)(3). First, the claim asserted in the amended complaint must have arisen "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Id.* at 15(c)(2). Second, notice of the amended claim must have been provided to the party to be added "within the applicable period of limitations or one

hundred twenty (120) days of the commencement of the action, whichever comes later," such that the party "will not be prejudiced in maintaining a defense on the merits." *Id.* at 15(c)(3). Third, within that same timeframe, the party to be added must know or should have known "that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." *Id.*

Alabama has modeled its Rule 15(c)(3) after the same enumerated section of the Federal Rules of Civil Procedure, making federal caselaw persuasive authority on the relation-back issue. *Ex parte Novus Utilities, Inc.*, 85 So. 3d 988, 996–97 (Ala. 2011). In *Novus Utilities*, the Alabama Supreme Court considered whether the addition of a defendant's subsidiary two-and-one-half years after the filing of the action—and well beyond the statute of limitations—could relate back to the original filing. *Id.* at 994. Finding the amendment to relate back, the Alabama high court relied extensively on a contemporaneous case from the United States Supreme Court. *Id.* at 1000–05 (discussing *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010)).

In *Krupski*, the Court rejected starting the relation-back inquiry at the knowledge of the amending plaintiff. Instead, the relation-back rule "asks what the prospective *defendant* knew or should have known . . . , not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski*, 560 U.S. at 548 (emphasis original). From this context, even amendment beyond the statute of limitations would not be unduly prejudicial to a prospective defendant because "repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only

because the plaintiff misunderstood a crucial fact about his identity." *Id.* at 550; *see also Ex parte Novus Utilities, Inc.*, 85 So. 3d at 997 (citation omitted) ("[I]f a party has been notified of litigation involving a specific factual occurrence, it has received the protection that the statute of limitations requires."). Finally, the Court counsels that a plaintiff's post-filing conduct—including delayed amendment—should be considered only as to how it might "inform[] the prospective defendant's understanding of whether the plaintiff initially made a mistake concerning the proper party's identity[.]" *Krupski*, 560 U.S. at 554 (quotation omitted). Put simply, a court should consider the prospective defendant's reasonable understanding of the plaintiff's intent to raise a claim against it in the original pleading.

This Court previously concluded Plaintiff's addition of Holiday Inn related back to her original pleading—and nothing presented by Defendant supports the extraordinary remedy of reconsideration. On three occasions during the state-court proceedings, Holiday Inn filed Motions to Quash. (Rec. Doc. 1-6 at 51, 100, and 225). The first of these was filed on August 24, 2022—less than two months after the filing of the original Complaint.

Without question, Holiday Inn reasonably understood that but-for Plaintiff's service mistake a claim was being raised against it. Possessing such knowledge, Holiday Inn cannot now argue prejudice suffered from the relation-back amendment beyond the statute of limitations. The amended allegation arises out of the same conduct, was known by Defendant within the applicable time period, and does not prejudice its meritorious defense. Thus, the amendment relates back pursuant to

Alabama Rule Civil Procedure 15(c)(3), and the claims against Holiday Inn are thereby timely.

As the First Amended Complaint relates back to the original filing, the Court looks to the Alabama action when filed. Previously, pursuant to 28 U.S.C. § 1631, this Court concluded transfer to the Eastern District of Louisiana was proper for want of jurisdiction. Specifically, the Alabama courts lacked personal jurisdiction over Holiday Inn. The lack of jurisdiction distinguishes the instant case from Holiday Inn's cited authorities, particularly *Manieri v. Layirisson*, 1998 WL 458186 (E.D. La. 1998) which found the transferor court to have both personal and subject matter jurisdiction over the matter. Relating back to the time of original filing, Holiday Inn's service was effective. In a matter in want of jurisdiction, this Court treats the action "as if it had been filed in . . . the court to which it was transferred . . . on the date it was actually filed in . . . the court from which it was transferred." 28 U.S.C. § 1631. Holiday Inn does not present argument to change this conclusion. Thus, Defendant's request for reconsideration is without merit.

**<u>CONCLUSION</u>**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Reconsideration* **(Rec. Doc. 42)** is **DENIED**.

New Orleans, Louisiana, this 4th day of February, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE