IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHRISTINA HEATH** | * | |
| | * | |
| v. | * | CASE NO.: 2:23-cv-03214-CJB-MBN |
| | * | |
| **SOUTHERN HOSPITALITY GROUP,** | * | |
| **LLC d/b/a HOLIDAY INN,** *et al.* | * | |

### DEFENDANT HOLIDAY INN COVINGTON, LLC'S
### AFFIRMATIVE DEFENSES AND ANSWER TO FIRST AMENDED COMPLAINT,
### WITH REQUEST FOR TRIAL BY JURY

**NOW INTO COURT**, through undersigned counsel, comes Defendant Holiday Inn Covington, LLC ("HIC"), which respectfully responds to the First Amended Complaint ("Complaint") filed by Plaintiff Christina Heath ("Plaintiff"), as follows:

### PRELIMINARY STATEMENT

The Complaint mixes factual allegations with allegations containing legal argument and conclusions which require no response. Admissions or denials of such allegations are, accordingly, difficult or impossible. Further, many of the allegations in the Complaint are overly broad, vague, conclusory, and include terms which are not defined, not used by Defendant, and susceptible to different meanings. Accordingly, by way of a general response, all allegations are denied unless specifically admitted. Additionally, any factual allegation is admitted only with respect to the specific facts and not to any conclusions, characterizations, implications, or speculations which are contained in the Complaint as a whole.

### AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses:

1

**FIRST DEFENSE**

Plaintiff failed to mitigate Plaintiff's damages as required by law and to the extent that Plaintiff failed to mitigate and/or reasonably avoid consequences of the alleged damages, any recovery from Defendant must be reduced by that amount.

**SECOND DEFENSE**

Defendant is entitled to all just and lawful offsets and credits against damages (if any) to which Plaintiff may be entitled.

**THIRD DEFENSE**

The damages about which Plaintiff complains, if such damages occurred, were caused by the acts or omissions of Plaintiff or by the acts or omissions of persons for whom Defendant bears no responsibility or liability.

**FOURTH DEFENSE**

If Plaintiff sustained any alleged damage, then the alleged damage was due to the actions, contributory negligence or fault, comparative fault and/or negligence of other persons, including, but not limited to, Plaintiff, for whom Defendant is not liable.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the law of liberative prescription, peremption, or such other statute of limitations as may be applicable to Plaintiff's claims.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, consent, acquiescence, waiver, fraud, illegality, and/or estoppel.

**SEVENTH DEFENSE**

Any award against Defendant must be reduced by the virile share or fault assigned to any settling parties or other parties, third parties, or other persons alleged to be responsible for damage to the Plaintiff.

**EIGHTH DEFENSE**

Defendant exercised reasonable and ordinary care at all times.

**NINTH DEFENSE**

Defendant is not liable for any injury which resulted from a condition which should have been observed by Plaintiff in the exercise of reasonable care or which was as obvious to Plaintiff as it was to Defendant.

**TENTH DEFENSE**

Defendant had no duty to protect against an open and obvious hazard.

**ELEVENTH DEFENSE**

Plaintiff has a duty to see that which should be seen and Plaintiff is bound to observe Plaintiff's course and/or surroundings to see if Plaintiff's pathway and/or surroundings are clear.

**TWELFTH DEFENSE**

Plaintiff is unable to prove that (1) the property that caused the damage to Plaintiff was in the custody of Defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause in fact of the resulting injury; and (4) Defendant knew or should have known of the unreasonable risk of harm.

### THIRTEENTH DEFENSE

Plaintiff's damages are due to intervening causes which supersede any alleged conduct, which is denied, by Defendant.

### FOURTEENTH DEFENSE

In the event that Plaintiff is entitled to recover on the claims, which Defendant denies, Plaintiff may only recover damages and judicial interest as provided by law.

### FIFTEENTH DEFENSE

Defendant has no liability to Plaintiff for statutory penalties, attorneys' fees, costs, expenses, or any other type of damage.

### SIXTEENTH DEFENSE

Plaintiff failed to name the proper party and/or parties.

### SEVENTEENTH DEFENSE

Plaintiff has failed to join all necessary and indispensable parties to this action, leaving Defendant at substantial risk of being subject to double, multiple, or otherwise inconsistent obligations.

### EIGHTEENTH DEFENSE

Plaintiff's Complaint does not describe the action with sufficient particularity to enable Defendant to determine all defenses which may ultimately exist to Plaintiff's claims. Defendant

therefore reserves the right to assert additional defenses which may later be discovered to be applicable.

### NINETEENTH DEFENSE

Because Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses which may be applicable. Accordingly, Defendant reserves the right to assert additional defenses to the extent such affirmative defenses are applicable.

### TWENTIETH DEFENSE

Defendant hereby gives notice that Defendant intends to rely upon any other defense which may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend this answer to assert any such defense.

### TWENTY-FIRST DEFENSE

Any allegations not specifically admitted herein are denied.

### TWENTY-SECOND DEFENSE

Defendant reserves the right to supplement and/or amend these pleadings, as necessary.

**AND NOW**, with full reservation of rights, including, but not limited to the foregoing Defenses, Defendant respectfully answers the specific allegations of Plaintiff's Complaint as follows:

### ANSWER TO COMPLAINT

1. Denied for lack of information to justify belief therein.
2. Admitted.

3. The allegations contained in this Paragraph are directed to a party which was dismissed; therefore, no response is necessary. To the extent a response is otherwise deemed required, denied for lack of information to justify belief therein.

4. The allegations contained in this Paragraph are directed to a party which was dismissed; therefore, no response is necessary. To the extent a response is otherwise deemed required, denied for lack of information to justify belief therein.

5. The allegations contained in this Paragraph are directed to parties who were dismissed; therefore, no response is necessary. To the extent a response is otherwise deemed required, denied for lack of information to justify belief therein.

6. Denied for lack of information to justify belief therein.

7. The allegations contained in this Paragraph are directed to parties other than responding Defendant; therefore, no response is necessary. To the extent a response is otherwise deemed required, denied for lack of information to justify belief therein.

## FACTS

8. Denied for lack of information to justify belief therein.

9. Denied for lack of information to justify belief therein.

10. Denied for lack of information to justify belief therein.

11. Denied for lack of information to justify belief therein.

12. The allegations contained in this Paragraph state legal conclusions and do not require a response. To the extent a response is otherwise deemed required, denied.

13. The allegations contained in this Paragraph state legal conclusions and do not require a response. To the extent a response is otherwise deemed required, denied.

14. Denied.

15. Denied for lack of information to justify belief therein.

16. Denied for lack of information to justify belief therein.

17. Denied for lack of information to justify belief therein.

18. Denied for lack of information to justify belief therein.

19. Denied for lack of information to justify belief therein.

20. The allegations contained in this Paragraph and its sub-paragraphs are denied for lack of information to justify belief therein.

21. The allegations contained in this Paragraph and its sub-paragraphs are denied for lack of information to justify belief therein.

COUNT 1:  NEGLIGENCE/WANTONNESS AGAINST ALL DEFENDANTS

22. Defendant adopts and incorporates Defendant's responses to Paragraphs 1 through 21 as though fully set forth herein.

23. The allegations contained in this Paragraph and its sub-paragraphs state legal conclusions and do not require a response. To the extent a response is otherwise deemed required, denied, including denial of all sub-paragraphs.

24. The allegations contained in this Paragraph state legal conclusions and do not require a response. To the extent a response is otherwise deemed required, denied.

25. The allegations contained in this Paragraph and its sub-paragraphs state legal conclusions and do not require a response. To the extent a response is otherwise deemed required, denied, including denial of all sub-paragraphs.

26. The allegations contained in this Paragraph state legal conclusions and do not require a response. To the extent a response is otherwise deemed required, denied.

The un-numbered Paragraph following Paragraph 26 contains a prayer for relief; thus, no response is required from Defendant. However, should a response be required, then Defendant denies any liability whatsoever to Plaintiff and Defendant further denies that Plaintiff is entitled to any of the relief which Plaintiff seeks.

COUNT 2: WANTONNESS AGAINST ALL DEFENDANTS

27. Defendant adopts and incorporates Defendant's responses to Paragraphs 1 through 26 and to any un-numbered Paragraphs as though fully set forth herein.

28. The allegations contained in this Paragraph and its sub-paragraphs state legal conclusions and do not require a response. To the extent a response is otherwise deemed required, denied, including denial of all sub-paragraphs.

29. The allegations contained in this Paragraph state legal conclusions and do not require a response. To the extent a response is otherwise deemed required, denied.

30. The allegations contained in this Paragraph and its sub-paragraphs state legal conclusions and do not require a response. To the extent a response is otherwise deemed required, denied, including denial of all sub-paragraphs.

31.     The allegations contained in this Paragraph state legal conclusions and do not require a response. To the extent a response is otherwise deemed required, denied.

The un-numbered Paragraph following Paragraph 31 contains a prayer for relief; thus, no response is required from Defendant. However, should a response be required, then Defendant denies any liability whatsoever to Plaintiff and Defendant further denies that Plaintiff is entitled to any of the relief which Plaintiff seeks.

## REQUEST FOR TRIAL BY JURY

Defendant respectfully requests trial by jury on all issues triable by jury.

**WHEREFORE**, Defendant Holiday Inn Covington, LLC respectfully prays that these Affirmative Defenses and Answer, with Request for Trial by Jury, in response to Plaintiff's First Amended Complaint be deemed good and sufficient and that after the completion of these proceedings, there be a judgment rendered in Defendant's favor and against Plaintiff, dismissing the First Amended Complaint with prejudice, assessing all costs and fees against Plaintiff, and awarding all just and equitable relief to which Defendant may be entitled.

Defendant further requests trial by jury on all issues triable by jury.

Respectfully submitted,

*/s/ Colin D. Sherman*
Colin D. Sherman, T.A. (La. Bar # 23299)
Brett E. Emmanuel (La. Bar # 26023)
SHERMAN & LACEY, LLP
Mailing:     P.O. Box 3062

|  |  |
|---|---|
|  | Mobile, AL 36652-3062 |
| Physical: | 118 N. Royal St., Suite 702 |
|  | Mobile, AL 36602 |
| Telephone: | (251) 930-5415 |
| Facsimile: | (251) 252-7794 |

csherman@shermanlaceylaw.com
bemmanuel@shermanlaceylaw.com
***Counsel for Defendant***
***Holiday Inn Covington, LLC***

## CERTIFICATE OF SERVICE

    I hereby certify that I have electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel, this *14th* day of March, 2025.

*/s/ Colin D. Sherman*
Colin D. Sherman